```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

 EMMETT NELSON, #12156-055
                                          **DECISION AND ORDER**
               Petitioner,                **No. 6:12-CV-6581(MAT)**

        -vs-

 CHIEF KEVIN SMITH,

               Respondent.
_____

## I. Introduction

Emmett Nelson ("Petitioner") has filed the instant petition pursuant to 28 U.S.C. § 2241. He alleges that he was "falsely imprisoned" in Niagara County Jail ("NCJ") in violation of his due process rights. See Petition ("Pet") (Dkt #1).

## II. Factual Background and Procedural History

On the form petition, with regard to the type of determination being challenged, Petitioner states he was "falsely imprisoned in violation of his due process [rights] and in retaliation for exercising his constitutional rights". He claims that the determination was made by "the director of the federal halfway house (V.O.A.) in the City of Rochester" on October 3, 2012. He indicated that he did not appeal the determination because he was not given the opportunity to do so. Pet., ¶ 1.

For his first ground for relief, he claims that he was falsely imprisoned by the U.S. Marshal's in retaliation for his grievances. According to Petitioner, on or about September 20, 2012, he

requested a "sensitive BP-10 (grievance) due to sexual harassment and denial of passes to Monroe Community College to register for winter classes." Pet., ¶ 2(a). He believes that due to his request for grievances, he was "targeted, written up, & placed in the custody of the U.S. Marshal's without reason" and "[a]lso in retaliation to [sic] exercising his constitutional rights." Id.

For his second ground for relief, Petitioner states that he is being falsely imprisoned in violation of his due process rights. He claims that towards the end of September 2012, after asking for the grievances discussed in ground one, he was "issued several incident reports" but was never afforded any hearing on these reports, in violation of his due process rights. He states he was "not aware of any sanction, if he was found guilty, or given an opportunity to appeal any report or sanction. . . ." Pet., ¶ 2(b).

In Respondent's answer, he notes that NCJ has a contract to house federal prisoners. On October 3, 2012, NCJ received a request from the United States Department of Justice ("DOJ") to house Petitioner. Petitioner was transported, presumably by the United States Marshal's Service, to NCJ, and arrived on October 10, 2012. NCJ subsequently received a Sentence Monitoring Computation Data Form from DOJ with instructions to release Petitioner. NCJ complied and released Petitioner from its custody on November 28, 2012.

The Court performed a search on the Federal Bureau of Prisons Inmate Locator website ("the BOP inmate locator")[1] using Petitioner's Register Number 12156-055. The BOP inmate locator indicates that Petitioner was released on November 28, 2012. A search of the Western District of New York's CM/ECF indicates that Emmett Nelson, Register Number 12156-055, has been the subject of several criminal proceedings here.

Petitioner did not file any reply papers.

**II. Discussion**

Habeas corpus review under 28 U.S.C. § 2241 is available to federal prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2241 provides a mechanism by which a federal prisoner may challenge the execution of his sentence, "including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001).

"Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004).

---

[1] http://www.bop.gov/inmateloc/ (last accessed June 19, 2014).

Here, Petitioner named Chief Kevin Smith ("Smith"). Respondent's attorney indicates Smith works at the NCJ, but it is unclear from Respondent's answer whether Smith is the warden of the NCJ.

Even assuming that Petitioner named the proper respondent, there are other fundamental problems with his § 2241 petition. Petitioner admits that he never exhausted his administrative remedies relating to his alleged removal from the halfway house and placement in NCJ. Petitioner is required to exhaust those remedies before bringing a petition here pursuant to Section 2241, and failure to do so can be excused only by a showing of "cause and prejudice." Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir.2001). Because the exhaustion requirement is prudential, however, it may be waived if "'(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question.'" Beharry v. Ashcroft, 329 F.3d 51, 62 (2d Cir. 2003) (quoting Able v. United States, 88 F.3d 1280, 1288 (2d Cir. 1996); further quotations and citations omitted). Petitioner vaguely suggests in his petition that any attempt to exhaust his remedies would have been futile. Where a party makes a "'clear and positive showing' that pursuing available administrative remedies would be futile, the purposes behind the requirement of exhaustion are no longer

served, and thus a court will release the [party] from the requirement." Kennedy v. Empire Blue Cross and Blue Shield, 989 F.2d 588, 594-95 (2d Cir. 1993) (quotation omitted). Here, however, Petitioner has made no such "clear and positive showing", and there is no basis to excuse the exhaustion requirement. Accordingly, the petition should be dismissed without prejudice for failure to exhaust. See, e.g., Grant v. Terrell, No. 10-CV-2769 (MKB), 2014 WL 2440486, at *4 (E.D.N.Y. May 29, 2014) (dismissing § 2241 petition prejudice based on petitioner's failure to exhaust his administrative remedies and failure to demonstrate futility of exhaustion; dismissal was without prejudice).

The Court notes that the petition now may be moot because Petitioner has since been released from NCJ. However, it is unclear whether Petitioner is subject to supervised release.[2] Therefore, the Court refrains from holding that the petition has been mooted by Petitioner's release from NCJ. See Lopez v. Terrell, 654 F.3d 176, 180 n. 2 (2d Cir. 2011) (noting that habeas petitioner who had been released from prison "does not divest [court] of jurisdiction; he is still 'in custody' for purposes of 28 U.S.C. § 2241 because

---

[2] See http://www.bop.gov/inmateloc/about_records.jsp (" If the listed date has passed, the release occurred on the date listed and the inmate is no longer in BOP custody. Note however that the inmate may still be on parole or supervised release or in the custody of some other correctional/criminal justice system.") (last accessed June 19, 2014).

-5-

he remains subject to the conditions of his supervised release.").

### III. Conclusion

Emmett Nelson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is dismissed without prejudice based on his failure to exhaust his administrative remedies. A certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore, in forma pauperis status is denied for purposes of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

S/Michael A. Telesca

_____
HON. MICHAEL A. TELESCA
United States District Judge

DATED:   June 20, 2014
         Rochester, New York